UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| LUKE DAVISON REED,<br><br>    Plaintiff,<br><br>v.<br><br>PINNACLE PROPERTIES, LLC, et al.,<br><br>    Defendants. | Civil Action No. 5: 25-020-KKC<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Luke Reed is a resident of Lexington, Kentucky. Reed has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [R. 1] The Court has granted Reed *pauper* status by separate Order. The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Reed names as defendants Pinnacle Properties, LLC, as well as "Smith," its property manager, and "Diane," its bookkeeper. *See* [R. 1 at 1-2] However, Reed does not make any allegations against any defendant. He states only that property worth more than $1 million was "lost." *See id.* at 6. Reed invokes this Court's federal question jurisdiction, asserting violation of his rights under the Sixth Amendment. [R. 1 at 4] Reed seeks substantial monetary damages. *See id.* at 7.

Reed states that this action is a "re-filing" of case "5:24-366-KKC." *See id.* at 7. *See Reed v. Davison Realty, LLC*, No. 5: 24-CV-366-KKC (E.D. Ky. 2024).   In that action, of which the Court takes judicial notice[1] to ascertain the basis for Reed's claims, he alleged that someone had broken into his apartment and stolen a bottle of rare bourbon worth over $500,000.00 and unidentified rare paintings worth the same amount.   [R. 1-2 therein at 1-2]   As in the present case, Reed did not allege any wrongdoing by any named defendant.   The Court, noting that Reed "fails to provide meaningful context to his brief allegations or otherwise clearly link his statement to a named defendant," dismissed the complaint without prejudice for failure to satisfy the minimum pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. [R. 6 therein at 2-3]

The Court will dismiss Reed's most-recent complaint for the same reason as before.   To state a viable claim for relief, a complaint must do more than identify injury: it must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation.") (cleaned up); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010).   The Supreme Court has explained that:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and

---

[1] A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F. 3d 508, 513 n.2 (6th Cir. 2009), including "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).   *See also United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017) ("This court and numerous others routinely take judicial notice of information contained on state and federal government websites.").

> conclusions, and a formulaic recitation of a cause of action's elements will
> not do. Factual allegations must be enough to raise a right to relief above
> the speculative level on the assumption that all of the complaint's
> allegations are true.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).   Simply labeling the

defendants' actions - whatever they might have been - as "negligent" or "discriminatory"

deprives the defendants of notice of the conduct complained of, a notice to which they

are entitled.   Here, Reed states nothing at all about what the defendants did or did not

do to cause him injury.   Because the complaint does not provide any factual basis for the

claims set forth in the complaint, it must be dismissed without prejudice for failure to

state a claim.   *Grinter v. Knight*, 532 F. 3d 567, 577 (6th Cir. 2008).   And, in any event,

the defendants as private citizens and entities cannot violate the Sixth Amendment

because they do not act under color of state law.   *American Mfrs. Mut. Ins. Co. v.*

*Sullivan*, 526 U.S. 40, 49-50 (1999).

As with its predecessor Reed could, perhaps, correct those defects by filing a new

action with a better complaint, one that contained necessary and sufficient allegations.

But Reed ought to consider filing any new complaint in state court rather than this one.

Most lower state courts are courts of general jurisdiction, and may therefore entertain a

broad range of claims.   Unlike state courts, federal courts have jurisdiction only to

decide certain narrowly-defined categories of claims.   *Heartwood, Inc. v. Agpaoa*, 628

F.3d 261, 266 (6th Cir. 2010); *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 344

(6th Cir. 2008).   Therefore federal courts must "determine whether [they] have subject-

matter jurisdiction over a case before proceeding at all."   *In re: Lee*, 880 F. 3d 242, 243

(6th Cir. 2018).   Federal courts presume "that a cause lies outside this limited

jurisdiction, and the burden of establishing the contrary rests upon the party asserting

jurisdiction." *Farmer v. Fisher*, 386 F. App'x 554, 556 (6th Cir. 2010); *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016) (holding that the plaintiff has the burden to demonstrate "in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction."). To meet that burden, a plaintiff must "[plead] sufficient facts to support the existence of the court's jurisdiction." *Vaughn v. Holiday Inn Cleveland Coliseum*, 56 F. App'x 249, 250 (6th Cir. 2003).

A federal district court possesses subject matter jurisdiction over two types of civil cases: (1) those involving a substantial question of federal law; and (2) those involving claims exceeding $75,000.00 in value between parties who are citizens of different states. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, Reed affirmatively states that all three defendants are – like himself – Kentucky residents. *See* [R. 1 at 1-2, 4] Diversity jurisdiction therefore does not exist under 28 U.S.C. § 1332. And Reed's complaint does not expressly state or suggest a federal claim as required to invoke 28 U.S.C. § 1331. Reed references the Sixth Amendment, but that provision protects the right of a criminal defendant to a jury trial. It does not apply in the civil context, and does not provide the basis for an affirmative claim. Reed's claims, which appear to sound in property loss, negligence, or conversion, are ones that he may be able to assert only in the state courts of Kentucky.

Accordingly, it is **ORDERED** as follows:

1. Reed's complaint [R. 1] is **DISMISSED** without prejudice.

2. This matter is **STRICKEN** from the docket.

This 31st day of January, 2025.

Karen K. Caldwell
KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY